UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. |
| JAQUAN THOMAS, | 1:24-CR-320-SEG-CCB |
| Defendant. | |

**O R D E R**

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") concerning Defendant Jaquan Thomas's motion to dismiss the indictment. (Doc. 33.) The Magistrate Judge recommends denying Mr. Thomas's motion to dismiss. (*Id.*) After due consideration, the Court enters the following order.

**I.   Background**

On October 2, 2024, a grand jury returned an indictment charging Mr. Thomas with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One), and one count of possession of a machinegun in violation of 18 U.S.C. § 922(o) (Count Two). (Doc. 1.) With respect to Count Two, the indictment alleges that Mr. Thomas knowingly

possessed a "Glock" firearm "affixed with a Glock conversion device, a part designed and intended . . . to convert a weapon into a machine gun[.]" (*Id.* at 2.) Mr. Thomas pleaded not guilty, (Doc. 9), and moves to dismiss his indictment on the ground that both §§ 992 (g)(1) and (o) are unconstitutional under the Second Amendment. (Doc. 21.) The Magistrate Judge recommends denying Mr. Thomas's motion to dismiss. (Doc. 33.) Mr. Thomas has filed objections to the Magistrate Judge's R&R. (Doc. 35.)

## II. Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). To challenge the findings and recommendations of the Magistrate Judge, a party must file with the Clerk of Court written objections which "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). If timely and proper objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting a careful review of the findings and recommendations, a district judge may accept, reject, or modify the Magistrate

Judge's R&R.  28 U.S.C. § 636(b)(1); *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010).

## III. Discussion

Defendant objects to the Magistrate Judge's conclusion that neither 18 U.S.C. § 922(g)(1) nor 18 U.S.C. § 922(o) conflicts with the Second Amendment. (Doc. 35.)  The Court addresses each provision in turn.

### A. Objection 1: Section 922(g)(1)

As the Magistrate Judge noted, the Eleventh Circuit recently determined that 18 U.S.C. § 922(g)(1) is constitutional under the Second Amendment notwithstanding the U.S. Supreme Court's decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024).  *See United States v. Dubois*, 139 F.4th 887, 888-89, 894 (11th Cir. 2025).  Defendant recognizes that the Eleventh Circuit's decision in *Dubois* is binding on this Court and requires denial of his motion to dismiss as to Count One but nevertheless objects to preserve the issue for appeal. (Doc. 35 at 1-2.)  Accordingly, Defendant's first objection is overruled and his motion to dismiss the indictment is denied with respect to Count One.

### B. Objection 2: Section 922(o)

Defendant contends that the Magistrate Judge erred in deciding that Section 922(o) does not violate the Second Amendment.  (Doc. 35 at 2.)

3

Specifically, Defendant argues that the Magistrate Judge confused "the ultimate question of whether a particular class of firearms falls outside the *protection* of the Second Amendment, with the step-one [*Bruen*] question of whether those firearms fall outside the *plain text* of the Second Amendment." (*Id.* at 4.)  Defendant further asserts that the R&R erroneously found that machineguns are "dangerous and unusual" weapons not in common use.  (*Id.* at 5-9.)   In addition, Defendant contends that the Magistrate Judge inadequately addressed his as-applied challenge.  (*Id.* at 9-11.)

Having reviewed the Magistrate Judge's recommendation *de novo*, the Court agrees with his discussion of relevant caselaw, reasoning, and ultimate conclusion.  Although the Eleventh Circuit does not appear to have addressed the constitutionality of Section 922(o) following *Bruen*, several district courts in this circuit and Courts of Appeals have determined that the provision's ban on machineguns, including modified Glock handguns, is consistent with the Second Amendment.  *See United States v. Morgan*, 150 F.4th 1339, 1350-52 (10th Cir. 2025) (holding that the defendant's possession of a Glock handgun modified by a switch was not protected by the Second Amendment because he failed to show that "law-abiding citizens commonly use the machineguns he possesses for self-defense"); *United States v. Bridges*, 150 F.4th 517, 528-29 (6th Cir. 2025) (concluding that Section 992(o) was consistent with the

historical tradition of firearm regulation because machineguns are "dangerous and unusual" weapons not "typically possessed by law-abiding citizens for lawful purposes"); *United States v. Barrow*, No. 1:23-CR-236-JBP-JEM, 2024 WL 3814041, at *2 (N.D. Ga. Aug. 13, 2024) ("[T]his Court finds that § 922(o) does not violate the Second Amendment because, as courts across the country have held, a machinegun is a dangerous and unusual weapon that falls outside its protection."); *United States v. Alsenat*, 734 F. Supp. 3d 1295, 1306 (S.D. Fla. 2024) ("[T]his Court concludes that machineguns (and, by extension, [machinegun conversion devices]) are 'dangerous and unusual' under any formulation of *Heller/Miller* analysis and are not afforded Second Amendment protection."); *United States v. Bachmann*, No. 8:23-CR-304-VMC-CPT, 2024 WL 730489, at *3 (M.D. Fla. Feb. 22, 2024) (finding that machineguns are dangerous and unusual weapons that fall outside the scope of the Second Amendment); *United States v. Kazmende*, No. 1:22-CR-236-SDG-CCB, 2023 WL 3872209, at *2 (N.D. Ga. May 17, 2023), *report and recommendation adopted*, 2023 WL 3867792 (N.D. Ga. June 7, 2023) ("Because machineguns are dangerous and unusual weapons that are outside the protection of the Second Amendment, Section 922(o) is not unconstitutional."); *see also United States v. Beard*, No. 120CR00351SCJLTW, 2022 WL 18657429, at *7 (N.D. Ga. June 3, 2022), *report and recommendation adopted*, No. 1:20-CR-00351-SCJ,

5

2023 WL 372914 (N.D. Ga. Jan. 24, 2023) ("Even after Heller, every court to address the issue has held 18 U.S.C. § 922(o) does not infringe on the Second Amendment.").

The Magistrate Judge's analysis as to the first step of the *Bruen* inquiry is consistent with that of other district courts in this circuit. *See, e.g.*, *Barrow*, 2024 WL 3814041, at *2; *Alsenat*, 734 F. Supp. 3d at 1302; *Bachmann*, 2024 WL 730489, at *1. Relying on extensive post-*Heller* caselaw, the Magistrate Judge reasoned that he "would be hard-pressed to find that machineguns meet the first prong of the *Bruen* inquiry—that is, that possessing them is conduct covered by the plain text of the Second Amendment." (Doc. 33 at 6-7.) The Magistrate Judge read *Bruen* to suggest that, at the first step of the test, "the government may justify its regulation by establishing that the challenged law regulates activity falling outside the scope of the right as originally understood." *Bruen*, 597 U.S at 18 (cleaned up). "If the government can prove that the regulated conduct falls beyond the Amendment's original scope, then the analysis can stop there; the regulated activity is categorically unprotected." *Id.* (cleaned up); *see id.* at 19 (noting that the first step as set forth above "is broadly consistent with *Heller*, which demands a test rooted in the Second Amendment's text, as informed by history").

In addition, the Magistrate Judge observed that *Bruen* reiterated *Heller's* holding that the Second Amendment "protects only the carrying of weapons that are those 'in common use at the time,' as opposed to those that 'are highly unusual in society at large.'" *Id.* at 47 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 627 (2008)).  As such, *Heller's* conclusion that the Second Amendment only protects the carrying of those weapons "in common use at the time" and excludes "dangerous and unusual weapons" appears to remain good law.  *Heller*, 554 U.S. at 627 (citations omitted).

And as every Court of Appeals to consider the question post-*Heller* has held, "[m]achineguns are dangerous and unusual and therefore not in common use." *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016); *see United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame*, 822 F.3d 136, 142 (3d Cir. 2016) ("[W]e repeat today that the Second Amendment does not protect the possession of machine guns. They are not in common use for lawful purposes."); *United States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012) ("In short, machine guns are highly 'dangerous and unusual weapons' that are not 'typically possessed by law-abiding citizens for lawful purposes.' . . . Thus, we hold that the Second Amendment does not apply to machine guns." (quoting *Heller*, 554 U.S. at 625)); *United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008) ("Machine guns are not in common use by law-abiding citizens for lawful

7

purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use."); *Hamblen v. United States*, 591 F.3d 471, 474 (6th Cir. 2009) ("Hamblen's challenge to his conviction for unlawful possession of unregistered machine guns has been directly foreclosed by the Supreme Court, which specifically instructed in *Heller* that 'the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes.'" (quoting *Heller*, 554 U.S. at 625)).

Moreover, even if the Court were to accept Defendant's argument that the Second Amendment's plain text covered the carrying of machineguns at step one of the *Bruen* inquiry, it would find that a ban on machineguns "is consistent with this Nation's historical tradition of firearm regulation" at step two. *Bruen*, 597 U.S. at 17. The Sixth Circuit has recently followed this approach in *Bridges*, determining at step one, that "a machinegun—such as a handgun modified for fully automatic fire—is undoubtedly an 'Arm[ ]' that one can 'keep and bear.'" *Bridges*, 150 F.4th at 524. Nevertheless, at step two, the *Bridges* Court found that machineguns were both "dangerous" and "unusual," pointing to "ample evidence that unregistered machineguns are not typically possessed by law-abiding citizens for lawful purposes[.]" *Id.* at 525-528. Accordingly, the Sixth Circuit concluded that Section 922(o)'s ban on

8

machinegun possession was consistent with the "historical tradition of firearm regulation." *Id.* at 528 (quoting *Bruen*, 597 U.S. at 24). While this Court does not repeat the details of the Sixth Circuit's historical analysis, it finds *Bridges'* reasoning persuasive and would reach the same result here.

Finally, Defendant contends that his as-applied challenge to Section 922(o) should succeed because "[t]here are plenty of legal guns which are more dangerous than a Glock with a switch." (Doc. 35 at 9.) For instance, Defendant asserts that "[r]ifles have a higher muzzle velocity[,]" "[a]ssault rifles . . . can be equipped with much higher-capacity magazines[,]" and "a skilled shooter can empty a clip of 22 rounds in a semi-automatic handgun in only a few seconds longer than it would take with a Glock with a switch." (*Id.* at 9-10.) Even if the Court accepted that Defendant's modified Glock handgun is less dangerous than certain semiautomatic firearms—which it cannot at this stage[1]—Defendant has not provided any authority suggesting that *Bruen's*

---

[1] Defendant's "assertions as to his as-applied challenge would require the Court to go well outside the facts presented in the indictment and to make factual findings that it simply cannot . . . at this stage. Therefore, the argument is not appropriate for a pretrial motion to dismiss." *United States v. Pettway*, No. 1:23-CR-138-TFM, 2024 WL 231843, at *4 (S.D. Ala. Jan. 22, 2024); *see United States v. Pope*, 613 F.3d 1255, 1260-61 (10th Cir. 2010) (holding that a district court was unable to properly resolve a defendant's pretrial motion to dismiss the indictment where the defendant claimed that § 922(g)(9) was unconstitutional under the Second Amendment). Indeed, "because a factual, as-applied challenge asserts that a statute cannot be constitutionally applied

9

second step requires consideration of whether a particular weapon falling under a regulation is more or less dangerous than weapons excluded from that regulation. Instead, the inquiry is focused on a governmental restriction's consistency with "this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17. For the reasons stated above and discussed in the Sixth Circuit's decision in *Bridges*, the Court would find that Section 922(o) satisfies the second prong of *Bruen*. Defendant's objection is therefore overruled.

## IV.  Conclusion

For the foregoing reasons, the Court **OVERRULES** Defendant's objections (Doc. 35), **ADOPTS** the Magistrate Judge's R&R (Doc. 33), and **DENIES** Defendant's motion to dismiss the indictment (Doc. 21).

**SO ORDERED**, this 14th day of October, 2025.

SARAH E. GERAGHTY
United States District Judge

---

in particular circumstances, it necessarily requires the development of a factual record for the court to consider." *Fla. Comm'r of Agric. v. Att'y Gen. of United States*, 148 F.4th 1307, 1321 n.5 (11th Cir. 2025) (quoting *Schultz v. Alabama*, 42 F.4th 1298, 1319 (11th Cir. 2022)). Nothing in this order precludes Mr. Thomas from raising his as-applied challenge after the presentation of evidence at trial.